## CHRISTENSEN v. MATSON NAVIGATION CO.

(District Court, N. D. California, First Division. September 22, 1913.)

### No. 15,423.

SEAMEN (§§ 11, 29*)—SUIT FOR INJURIES—PLEADING.

Exceptions sustained to a count of a libel by a seaman to recover damages for a personal injury but overruled to a count for failure to provide libelant with proper medical care and attention.

[Ed. Note.—For other cases, see Seamen, Cent. Dig. §§ 39–44, 186, 187, 188–194; Dec. Dig. §§ 11, 29.*]

In Admiralty. Suit by Robert H. Christensen against the Matson Navigation Company. On exceptions to libel. Sustained in part.

F. R. Wall, of San Francisco, Cal., for libelant.

Walter H. Linforth, of San Francisco, Cal., for libelee.

DOOLING, District Judge. The libel excepted to contains two counts. The first is for damages for injuries to libelant, a seaman, alleged to have been caused through the negligence of the libelee, as owner of the vessel Hilonian, in sending her to sea with certain drums of gasoline unlashed upon her deck, and thereby failing to furnish libelant a safe place in which to work. But it does not appear, nor is it the fact, that the unlashed condition of the drums of gasoline was the proximate or other cause of injury to libelant. The injury was caused by a heavy sea shipped in rough weather while libelant was at work under the orders of the mate endeavoring to lash the drums. But it does not appear at all that he was injured by reason of the drums being unlashed, or that the leaving of the drums unlashed rendered his working place at all unsecure. The exceptions to the first count will be sustained.

The second count is for failure to provide proper medical care, attention, etc., to libelant after the injury and is sufficient in form and substance. The exceptions thereto will be overruled.